UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOEL BRYANT,                                      Case No. 18 CV 10529 (PAE)
             Plaintiff,
                                      **SECOND AMENDED**
    -against-                            **COMPLAINT**

THE CITY OF NEW YORK, P.O. SHELDON    JURY DEMAND
P. ELLIOTT [SHIELD # 21027], P.O.
MICHAEL J. LABORDE [SHIELD # 5867],
LIEUTENANT DARYL L. MELHADO [TAX
REG. # 940464], P.O. IVONNE RAMIREZ
[SHIELD # 21320], SERGEANT GHIBAUDI,
and JOHN DOE AND JANE DOE (the names
John and Jane Doe being fictitious, as the true
names are presently unknown),
             Defendants.
-----------------------------------------------------------------X

Plaintiff, JOEL BRYANT, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Sheldon P. Elliott [Shield # 21027], P.O. Michael J. Laborde [Shield # 5867], Lieutenant Daryl L. Melhado [Tax Reg. # 940464], P.O. Ivonne Ramirez [Shield # 21320], Sergeant Ghibaudi, and John Doe and Jane Doe (collectively, "defendants"), respectfully alleges as follows:

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising under the law and statutes of the City and State of New York].

JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7. Defendant P.O. Sheldon P. Elliott [Shield # 21027] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

8. Defendant P.O. Michael J. Laborde [Shield # 5867] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

9. Defendant Lieutenant Daryl L. Melhado [Tax Reg. # 940464] was at all times material herein a lieutenant employed by the NYPD. He is named here in his official and individual capacities.

10. Defendant P.O. Ivonne Ramirez [Shield # 21320] was at all times material herein a police officer employed by the NYPD. She is named here in her official and individual capacities.

11. Defendant Sergeant Ghibaudi was at all times material herein a sergeant employed by the NYPD. S/he is named here in his or her official and individual capacities.

12. Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

13. Defendants Elliott, Laborde, Melhado, Ramirez, Ghibaudi, and John Doe and Jane Doe are collectively referred to herein as "defendant officers".

14. At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15. On or about August 15, 2018, at approximately 5:00 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or near the corner of 3rd Avenue and E 109th Street, New York, New York, and charged plaintiff with N.Y. PL 265.03(1)(b) 'Criminal possession of a weapon in the second degree', N.Y. PL 265.02(3) 'Criminal possession of a weapon in the third degree', and N.Y. PL 265.01(1) 'Criminal possession of a weapon in the fourth degree'.

16. Plaintiff, however, was not in possession of any weapon and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

17. Prior to the arrest, plaintiff and three (3) of his friends were traveling in a taxi.

18. Defendant officers initially drove past the taxi and observed the plaintiff and his friends.

19. Immediately after passing the taxi, defendant officers turned around and pulled over the taxi with their weapons drawn.

20. Upon pulling over the taxi, defendant officers forcibly removed the plaintiff from the taxi and immediately placed him under arrest.

21. Defendant officers tightly handcuffed the plaintiff with his hands placed behind his back causing the plaintiff to sustain pain.

22. Thereafter, defendant officers forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to the NYPD-23rd Precinct where he was interrogated by defendants concerning guns and shootings.

23. Defendant officers further proceeded to unlawfully collect the plaintiff's DNA.

24. While at the precinct, defendant officers placed the plaintiff inside the cell and handcuffed him to a pole.

25. Defendant officers seized the plaintiff's iPhone 6.

26. Defendant officers did not issue or provide the plaintiff with any voucher specifying the properties seized from him with the constitutionally-required notice printed on the voucher describing how the plaintiff could reclaim the aforementioned properties.

27. Defendant officers did not otherwise notify the plaintiff of any procedure he could follow to reclaim or recover his properties, and have refused to return the aforesaid properties -- including, but not limited to, the iPhone 6 -- to the plaintiff.

28. After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment.

29. At some point, defendant officers met with prosecutors employed by New York County District Attorney's Office.

30. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff was in possession of weapon(s).

31. Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiff.

32. The prosecutors subsequently conducted an independent investigation and concluded that there was no evidence of any crime committed by the plaintiff.

33. As a result, the prosecutors declined to prosecute the plaintiff.

34. After detaining the plaintiff for a lengthy period of time, defendant officers summarily released the plaintiff from his unlawful detention.

35. Even though the plaintiff did not commit any crime, and the prosecutors declined to prosecute the plaintiff, defendant officers retain the plaintiff's DNA and have refused to destroy or return said DNA or the results to the plaintiff.

36. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a

realistic opportunity to intervene to prevent the harm detailed above from occurring.

37. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

38. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

39. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 38 of this complaint as though fully set forth herein.

40. The conduct of defendant officers, as described herein, amounted to false arrest.

41. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

42. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

43. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein.

44. The conduct of defendant officers, as described herein, amounted to excessive use of force.

45. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

46. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

47. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 46 of this complaint as though fully set forth herein.

48. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

49. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

50. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

51. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

52. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 51 of this complaint as though fully set forth herein.

53. Defendant officers denied plaintiff his due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

54. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

55. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

56. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE - against defendant officers

57. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58. Defendant officers manufactured evidence of criminality against the plaintiff which the prosecutors relied upon to initiate criminal actions against the plaintiff.

59. The conduct of defendant officers, as described herein, amounted to fabrication of evidence.

60. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

61. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

62. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 61 of this complaint as though fully set forth herein.

63. Defendant officers subjected plaintiff to unreasonable search & seizure.

64. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

65. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

66. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 65 of this complaint as though fully set forth herein.

67. In an effort to find fault to use against the plaintiff who is of black, defendant officers met with themselves and with several other individuals on numerous occasions (including but not limited to the August 15, 2018 date of arrest) and agreed to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

68. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

69. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

EIGHTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

70. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 69 of this complaint as though fully set forth herein.

71. Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, the seizure, voucher and/or release of seized properties, the proper procedures for obtaining, returning, destroying and/or retaining DNA,

        obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

72. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other crimes.

73. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

74. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York observed that the City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

75. In *Ligon v. City of New York*, 925 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013), the Court observed that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

76. Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD alleging, among other things, that the police officers falsely arrested the plaintiffs without probable cause, improperly obtained and/or retained their DNA, and improperly seized and/or appropriated to themselves the plaintiffs' properties and/or did not issue or provide to the plaintiffs in those cases with any vouchers specifying

        the properties seized from them with the constitutionally-required notice printed on the vouchers describing how the plaintiffs could reclaim their properties. *See*, *e.g.*, *Janette Morales v. City of New York* (17 CV 5787) (false arrest); *Russell Hernandez v. City of New York* (16 CV 537) (false arrest); *Evelyn Gomez v. City of New York* (15 CV 7293) (false arrest); *Clovis Seltzer v. City of New York* (15 CV 1456) (false arrest); *Latoya Orr v. City of New York* (14 CV 10010) (false arrest and improper seizure and/or appropriation of properties); *Maurice Culp v. City of New York* (13 CV 6913) (false arrest and improper seizure and/or appropriation of properties); *Kenneth Kelly v. City of New York* (13 CV 3878) (false arrest and improper seizure and/or appropriation of properties); *Tony Holley v. City of New York* (12 CV 6354) (false arrest); *Vivian Billingsley v. City of New York* (12 CV 3765) (false arrest); *Janina Jones v. City of New York* (11 CV 7043) (false arrest and improper seizure and/or appropriation of properties); *Eric Klati v. City of New York* (11 CV 7041) (false arrest); *Shamekka Crump v. City of New York* (10 CV 1152) (false arrest).

77. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police officers routinely fabricate identification evidence, arrest innocent citizens without probable cause, and improperly seize and/or appropriate to themselves arrestees' properties.

78. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff and seized and/or appropriated to themselves several of plaintiff's properties including his aforesaid iPhone which they have refused to return to the plaintiff.

79. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New

York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

80. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

81. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

NINTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

82. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 81 of this complaint as though fully set forth herein.

83. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

84. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

85. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

86. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

TENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

87. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

89. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

90. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 89 of this complaint as though fully set forth herein.

91. By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

92. The conduct of the defendants, as described herein, amounted to assault and battery.

93. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (REPLEVIN & CONVERSION) - against defendants

94. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 93 of this complaint as though fully set forth herein.

95. At the time of the plaintiff's arrest, defendant officers seized and/or appropriated to themselves several of plaintiff's properties including, but not limited to, his iPhone.

96. Defendant officers did not provide the plaintiff with any voucher for his said properties.

97. Defendant officers did not issue or provide the plaintiff with any voucher specifying the properties seized from him with the constitutionally-required notice printed on the voucher describing how the plaintiff could reclaim the aforementioned properties.

98. Defendant officers did not otherwise notify the plaintiff of any procedure he could follow to reclaim or recover his properties, and have refused to return the aforesaid properties -- including, but not limited to, the iPhone -- to the plaintiff.

99. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

100. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 99 of this complaint as though fully set forth herein.

101. Defendants failed to properly care, supervise and protect the plaintiff, failed to ensure the plaintiff's health and safety, and were careless and negligent in their treatment of the plaintiff.

102. The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

103. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

104. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 103 of this complaint as though fully set forth herein.

105. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

106. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

107. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

108. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 107 of this complaint as though fully set forth herein.

109. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

110. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

111. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

112. Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a. For compensatory damages against all defendants in an amount to be proven at trial;

    b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       August 16, 2019

                        UGO UZOH, P.C.

                        /s/

                        _____

            By:   Ugochukwu Uzoh
                  Attorney for the Plaintiff
                  56 Willoughby Street, Third Floor
                  Brooklyn, N.Y. 11201
                  Tel. No: (718) 874-6045
                  Fax No: (718) 576-2685
                  Email: u.ugochukwu@yahoo.com